STATE OF INDIANA    )
                            ) SS:
COUNTY OF LAKE    )

IN THE LAKE _____ COURT
_____, INDIANA

PATRICIA DUST and ROBERT DUST   )
                             )
      Plaintiffs,         )
                             )
      v.                    )
                             )
HILTON HAWAIIAN VILLAGE LLC   )
HILTON HAWAII CORPORATION and   )
HILTON WORLDWIDE, INC.       )
                             )
      Defendants.        )

CAUSE NO.

45C01 15 10CT00168

**Filed in Clerk's Office**

OCT 09 2015

CLERK LAKE CIRCUIT COURT

## COMPLAINT

Comes now the Plaintiffs, PATRICIA DUST and ROBERT DUST ("DUST") by counsel, Robin G. Remley, and for their cause of action against the Defendants, HILTON HAWAIIAN VILLAGE LLC, HILTON HAWAII CORPORATION and HILTON WORLDWIDE, INC., states as follows:

1.    That Plaintiffs, Patricia Dust and Robert Dust, are Indiana residents.

2.    That at all times mentioned herein, Defendant, HILTON HAWAIIAN VILLAGE LLC was incorporated in Hawaii, and doing business with patrons from all over the world, including patrons from Indiana, such as Plaintiffs, and was in the business of owning, operating and/or managing a hotel located in Honolulu, Hawaii known as Hawaiian Hilton Village LLC and/or Hilton Hawaiian Village Beach Resort & Spa (hereinafter "VILLAGE").

3.    HILTON HAWAII CORPORATION was incorporated in Delaware, and doing business with patrons from all over the world, including patrons from Indiana, such as Plaintiffs, and was in the business of owning, operating and/or managing a hotel located in Honolulu, Hawaii known as Hawaiian Hilton Village LLC and/or Hilton Hawaiian Village Beach Resort & Spa (hereinafter "VILLAGE").



EXHIBIT
A

4.     HILTON WORLDWIDE, INC. was a corporation that was incorporated in Delaware, and doing business with patrons from all over the world, including patrons from Indiana, such as Plaintiffs, and was in the business of owning, operating and/or managing a hotel located in Honolulu, Hawaii known as Hawaiian Hilton Village LLC and/or Hilton Hawaiian Village Beach Resort & Spa (hereinafter "VILLAGE").

5.     That at all times mentioned herein, Defendant expressly and impliedly invited the Plaintiffs herein, to enter said business establishment and conduct business therein.

6.     That Plaintiffs booked a trip to Hawaii and the Village from Indiana through a travel agent, to embark upon a cruise to celebrate their wedding anniversary and anticipated that this trip would be the "trip of a lifetime."

7.     That on or about November 2, 2013, PATRICIA DUST and ROBERT DUST were in and upon said business establishment as business invitees, for the purpose of staying at the hotel, spending money at the hotel on various services and items, and purchasing merchandise from Defendants.

8.     That it then and there became the duty of the Defendants to operate, maintain and keep said business establishment in a safe condition for the protection and safety of its invitees and customers, including the Plaintiffs herein.

9.     That at all times mentioned herein, Defendants conducted maintenance and/or were partially or wholly responsible for maintenance and safety of the hotel premises, including its lobbies, floors, and other areas at issue.

10.     That at all times mentioned herein, Defendants were part/wholly responsible for including properly contracting for, supervising, overseeing and reviewing maintenance activities of any companies with which Defendants contracted or arranged such services, examining or inspecting the property to reasonably ensure its safety, and taking note of accidents or incidents or

injuries on the property to properly prevent other accidents or incidents or injuries on the property from occurring.

11.     That Plaintiff PATRICIA DUST on or about November 2, 2013 stopped at the concierge desk to pick up "free gifts", asked the concierge for directions to into the "Tapa Tower" lobby since it was under construction. The concierge pointed around the corner.

12.     However, on said date at or about said location around the corner (in front of Tapa Tower), through the carelessness and negligence of Defendants, a hazardous and dangerous condition existed including but not limited to unsafe tile or stone on a floor area, hidden steps or ones that were not properly marked or could be readily seen by unknowing patrons, and/or an area known to have prior falls or accidents of which the Defendants then and there knew or should have known.

13.     That no handrails or warnings were present at or near said step/s.

14.     That the steps were not marked in any way and blended in with the stone.

15.     That the Defendants, carelessly and negligently allowed and permitted said hazardous and dangerous condition(s) to remain and exist without warning or notice thereof to persons on or about the premises, including the Plaintiff, Patricia Dust, herein.

16.     That Plaintiff, Patricia Dust, had no notice, warning or knowledge of said hazardous and dangerous condition.

17.     That as a direct and proximate result of the aforementioned negligence and carelessness on the part of the Defendants, Plaintiff did fall with great force and violence due to or upon said hazardous condition, causing Plaintiff to suffer various damages and injuries, the full extent of which are not now known, but which include severe injuries to her left shoulder, infection, multiple surgeries, and physical therapy and permanent impairment and scarring.

relief in the premises which will fairly compensate the plaintiff for the injuries sustained.

ROBIN G. REMLEY (22517-45)
Attorney for Plaintiffs

Law Office of Robin Remley LLC
270 North Main Street, Suite A
Crown Point, IN 46307
(219) 961-5415
fax: (866) 922-3497

## JURY DEMAND

The Plaintiff, by counsel demand trial by jury.

ROBIN G. REMLEY (22517-45)
Attorney for Plaintiffs

Law Office of Robin Remley LLC
270 North Main Street, Suite A
Crown Point, IN 46307
(219) 961-5415
fax: (866) 922-3497